STACKHOUSE *against* HALSEY.

*October* 24.    Where the statute directs the advertisement for the sale of mortgaged premises to be published "once a week for six successive months," *lunar*, not calendar months, are intended.

BILL to set aside a sale of mortgaged premises, under a power contained in the morgtage.

The cause was submitted on the bill and answer.

*Wyman,* for the plaintiff.

*Maxwell,* for the defendant.

The single point was, whether the words of the statute directing the advertisement of the sale "once a week for six successive months," meant calendar or lunar months.

THE CHANCELLOR ruled that lunar months were understood here, and in all cases, in statutes, where *months* are mentioned, and there is nothing in particular to indicate that *calendar* months were intended, in contradistinction to the other. The cases of *Lacon* v. *Hooper,* (6 *Term Rep.* 224.) and of *Talbot* v. *Linfield,* (1 *Wm. Blackstone's Rep.* 450.) were referred to. (*a*)

(*a*) Vide *Loring* v. *Halling,* 15 *Johns. Rep.* 119.  S. P. *Leffingwell* v. *Pierpoint,* 1 *Johns. Cases,* 100.  *Jackson* v. *Clark,* 7 *Johns. Rep.* 217.